Robert R. McQUADE; Dixie Borchers, Plaintiffs–Appellants,

v.

KING COUNTY HOUSING AUTHORITY, a municipal corporation; King County, Defendants–Appellees.

No. 05–35037.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Oct. 25, 2006.

As Amended Nov. 15, 2006.

Robert R. McQuade, Renton, WA, pro se.

Dixie Borchers, Renton, WA, pro se.

John Thomas Kugler, Esq., Burgess Fitzer, PS, Tacoma, WA, King County Courthouse Civil Division, Seattle, WA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, KLEINFELD and BEA, Circuit Judges.

MEMORANDUM *

Robert McQuade and Dixie Borchers appeal the district court's summary judgment in favor of King County Housing Authority and King County, Washington. McQuade and Borchers filed this action pro se seeking damages for being refused the single seat that is set aside for a resident of low-income housing on the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Board of King County Housing Authority. They rely on Section 3 of the Housing and Urban Development Act, codified at 12 U.S.C. § 1701u. The Act recites Congress's finding that "employment and other economic opportunities generated by projects and activities that receive Federal housing and community development assistance offer an effective means of empowering low—and very low-income persons, particularly . . . recipients of government assistance for housing." 12 U.S.C. § 1701u(a)(3). While plaintiffs do not contend that this statute directly required the Housing Authority to appoint one of them to the seat, they do contend that the refusal to do so was discrimination in violation of a HUD regulation promulgated pursuant to Section 3. *See* 24 C.F.R. § 135.76(I).

Federal causes of action must be expressly provided for by Congress. *See Alexander v. Sandoval,* 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). The district court correctly granted judgment for the defendants. However, no private cause of action exists under Section 3 because positions on the board of a public housing authority are not "training and employment opportunities generated by development assistance." 12 U.S.C. § 1701u(c)(1)(A).

The district court also properly denied the motions for new trial under Rules 59 and 60 as these motions were not based upon any newly discovered evidence in existence at the time of the district court's original ruling. *See* Fed.R.Civ.P. 59, 60(b)(2).

Appellants present no reasoned argument for reversing the district court's dismissal of the state law claims.

AFFIRMED.